USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/19/11

United States District Court
Southern District of New York
------------------------------------X
RAFAEL ROSA PASTOR, et al.,

                Plaintiffs,

    -against-                    10 Civ. 7890 (DAB)
                                       ORDER

KNIGHT SECURITY SERVICES, et al.,

                Defendants.
------------------------------------X
DEBORAH A. BATTS, United States District Judge.

    The Parties have informed the Court that they have reached a settlement under the Fair Labor Standards Act ("FLSA") in the above captioned case. The Parties filed a Joint Stipulation of Dismissal on September 26, 2011 requesting that the Court approve the settlement and dismiss the case with prejudice. A copy of the Proposed Settlement Agreement (the "Agreement") was submitted to the Court for review, but the Parties request that the Agreement remain confidential.

    On October 13, 2011 Defendants submitted a letter to the Court arguing that the Agreement should remain confidential in order to preserve "important business interests" of the Defendants. Although Defendants cite various cases regarding confidential settlements, not a single case among them involves a settlement under the FLSA.

    The Court is loathe to approve a FLSA settlement where the settlement agreement is not made part of the public record. In

FLSA cases, "the approval process [of settlements] is a judicial act ." <u>Lin v. Comprehensive Health Management, Inc.</u>, No. 08 Civ. 6519(PKC), 2009 WL 2223063 at *1 (S.D.N.Y. July 23, 2009). Therefore, "[a]ny document reflecting the terms of the settlement and submitted to the Court is a 'judicial document' to which the presumption of access likely applies." <u>Id.</u> Public access to settlement agreements in FLSA cases is particularly important in light of the "'private-public character' of employee rights under the FLSA, whereby the public has an 'independent interest in assuring that employees wages are fair and thus do not endanger the national health and well-being." <u>Joo v. Kitchen Table, Inc., et al.</u>, 763 F. Supp. 2d 643, 645 (S.D.N.Y. 2011) (quoting <u>Hens v. Clientlogic Operating Corp.</u>, No. 05-CV-381S, 2010 WL 4340919 at *2 (W.D.N.Y. Nov. 2, 2010)). Thus, a "FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access." <u>Joo</u>, 763 F. Supp. 2d at 767.

Here, Defendants allege that confidentiality is necessary to maintain business interests, that there is no general public interest in the lawsuit, and there will be no prejudice to Plaintiffs if the Settlement Agreement remains confidential. These allegations, however, are insufficient to justify non-disclosure of the Agreement in light of the presumption of public access. Accordingly, the Joint Request to approve the undisclosed Settlement Agreement is DENIED, without prejudice.

SO ORDERED

*Deborah A. Batts* 10/14/11
DEBORAH A. BATTS
UNITED STATES DISTRICT JUDGE